No. 14,717.

PARRISH *v.* SMITH.
(115 P. [2d] 647)

Decided June 16, 1941. Rehearing denied July 28, 1941.

Mr. W. A. ALEXANDER, Mr. L. C. GERDING, JR., Mr. DONALD B. ROBERTSON, for plaintiff in error.

Mr. WARREN B. HALE, Mr. FRED W. MATTSON, Mr. A. B. MATTSON, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

ACTION for damages on account of personal injuries incurred in a motor vehicle collision. Plaintiff enjoyed favorable verdict and judgment.

The collision occurred at a point on the main highway between Colorado Springs and Divide where the road was under reconstruction. Defendant's truck, occupying the left side of whatever available space for travel the situation afforded, emerged from a considerable depression, "around a blind corner at an angle," and collided with a Ford passenger car, owned and operated by another — but in which plaintiff was riding — traveling in the opposite direction on the right side of the same space. Considering the circumstances otherwise appearing, had the collision occurred on a highway of usual width and condition, defendant's conduct would have been violative of section 195, chapter 16, volume 2, '35 C.S.A. In a previous trial of this same case, the court, notwithstanding the unusual circumstances attending, instructed the jury that the above statute was applicable, and it declined to give an instruction tendered by defendant: "That if you believe from the evidence that the roadway upon which this accident occurred was of insufficient width to permit the truck to go to the right of the center line of such roadway and permit the passage of the automobile, that the law of the road, under such circumstances, has no application and the defendant would not be guilty of violation of this rule." We held the court erred in both particulars. *Parrish v. Smith,* 102 Colo. 250, 78 P. (2d) 629.

At the trial subsequent to our former decision, the record of which is now under consideration, the court was at pains to observe the "law of the case" as we had outlined it, and instructed the jury: "That the 'rule of the road'; that is, the rule of the road requiring the driver to yield one-half of the roadway to another approaching from the opposite direction, is susepnded under the circumstances of this case. And if you believe from the evidence that the truck was proceeding along the portion of the roadway to which all traffic was being diverted; and that he was following the course of all other traffic going along this cut; and that the

physical condition of the road, or its width, prevented him from keeping or moving to his right, then under such circumstances the driver of the truck would not be guilty of negligence, and your verdict must be for the defendant."

■ While other elements of charges of negligence by the parties had usual attention in the course of the proceedings, largely as at the first trial, the physical condition of the roadway and its width were specially stressed at the second trial. The witnesses of the opposing parties were not in accord, nor were the witnesses of the respective parties wholly in harmony in their statements, either as to the condition or the width of the way. On the part of plaintiff there was testimony to the effect that its condition and width afforded opportunity for the driver of the truck to keep to the right, and that had he done so the collision would not have occurred; while on the part of defendant the evidence was otherwise. On the record, considered as of the time of the close of plaintiff's case, the court was justified in denying a motion for nonsuit, and at the close of all testimony there was warrant for similar ruling on defendant's motion for a directed verdict. Clearly, as we think, the case was of jury cognizance, and the trial court rightly so resolved.

■ We do not think our pronouncement on the former review precluded the second trial, as is urged upon our attention. It is true that in the course of our opinion it was stated, "We believe the court should have sustained the motion for a directed verdict," but we did not formally adjudge its failure to so rule to be error. We did so adjudge as to an instruction given and one refused, as already noted. Concluding there, we said "The judgment is reversed and cause remanded with directions for a new trial, if any, in accord with the views herein expressed." Upon remand, the case was reset for hearing and tried without objection.

Other alleged errors have had our attention, but we believe none has merit. Let the judgment be affirmed.

MR. JUSTICE BAKKE and MR. JUSTICE OTTO BOCK dissent.