No. 14,717.

Parrish *v.* Smith.
(123 P. [2d] 406)

Decided February 9, 1942.

Mr. W. A. Alexander, Mr. L. C. Gerding, Jr., Mr. Donald B. Robertson, for plaintiff in error.

Mr. Warren B. Hale, Mr. Fred W. Mattson, Mr. A. B. Mattson, for defendant in error.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

Petition by plaintiff in error to require the trial court to correct its judgment as to amount, the claimed error

being that interest was computed on the sum of the verdict returned from November 24, 1936, rather than from March 22, 1939.

It appears that the action was for damages for and on account of personal injuries resulting from tort; that in the complaint of defendant in error, filed November 24, 1936, he asked for interest on the amount of damages alleged, from the date of filing suit; that in March, 1937, as the result of trial, judgment entered for defendant in error; that in April, 1938, the judgment was reversed on error (*Parrish v. Smith,* 102 Colo. 250, 78 P. [2d] 629); that March 22, 1939, defendant in error paid a second docket fee and had the case set for a second trial; that in April, 1939, at the conclusion of the second trial, judgment again entered for defendant in error, the sum adjudged being the amount of damages returned by a jury, plus interest at the legal rate from November 24, 1936, to the date of entry; that in June, 1941, the judgment was affirmed (*Parrish v. Smith,* 108 Colo. 256, 115 P. [2d] 647).

It is the contention of plaintiff in error that interest was recoverable only from March 22, 1939, when defendant in error paid a second docket fee, or, as he states, when "the second docketing of the case" occurred. That interest on the damages sustained in an action of the nature here, if asked for in the complaint, as was done, is recoverable, see section 5, chapter 50, '35 C.S.A., which expressly so provides. See, also, *American Ins. Co. v. Naylor,* 103 Colo. 461, 87 P. [2d] 260, where the question is fully discussed and determined. Plaintiff in error emphasizes the importance of the payment by defendant in error of a second docket fee March 22, 1939, after which the second trial occurred, and urges that such payment operated to redocket the case, and make it a new action at that time. We are not persuaded to that view. In the Naylor case, supra, which as here, was finally determined on a second writ of error (see earlier review in 101 Colo. 34, 70 P. [2d] 349), we said

the judgment should include interest "at the legal rate from the date of filing the complaints," and based our conclusion on the section of the statute cited above. The second docket fee here was not paid to redocket the case or initiate it anew, as we perceive, but, rather, to comply with section 4, chapter 66, '35 C.S.A., which provides that when a new trial has been granted, and before another trial can be had, the party proceeding in the case shall pay a renewal docket fee. The second trial was upon the original complaint.

We believe the petition is without merit. Let it be denied.