No. 15,212.

FEY *v.* PARRISH.
(174 P. [2d] 345)

Decided November 12, 1946.

Mr. WARREN B. HALE, Mr. FRED W. MATTSON, Mr. A. B. Mattson, for plaintiff in error.

Mr. LOUIS C. GERDING, JR., Mr. JOHN W. SHIREMAN, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and are hereinafter referred to as there.

This action grew out of an automobile collision between plaintiff's car and defendant's truck, which occurred November 3, 1936. Charging defendant with negligence causing personal injury and property damage plaintiff sued for something over $15,000. Defendant denied generally and charged contributory negligence. The cause went on trial to a jury and at the close of all the evidence defendant's motion for a nonsuit was sustained. To review the judgment entered accordingly plaintiff prosecutes this writ and assigns, as the sole error, the ruling on said motion.

■ This is a most unusual review because the applicable law involved is so well settled and universally known in this and every other jurisdiction as to make citation superfluous and no recital of facts could be of the slightest value to the profession. The curious may find all these set forth in ample detail in this and other causes involving the identical collision. *Parrish v. Smith,* 102 Colo. 250, 78 P. (2d) 629; *Parrish v. Fey,* 102 Colo. 258, 78 P. (2d) 633; *Parrish v. Smith,* 108 Colo. 256, 115 P. (2d) 647. The sole basis of the nonsuit was that plaintiff, testifying in his own behalf, admitted facts which indisputably established his contributory negligence. If he did not he was clearly entitled to go to the jury. If he did he admitted his case out of court and the judgment must be sustained.

■ ■ Plaintiff testified that when defendant's truck first became visible it was somewhere between thirty and fifty feet distant. The trial court, in his ruling, construed this to mean "40 to 50" feet to the point of impact. Plaintiff testified that, at his then rate of speed he could have stopped his car within a space of "8 or 15 feet." The trial court, in his ruling, construed this to mean "7 to 10 feet." Plaintiff said that when he sighted the truck he was traveling about eighteen miles per hour. There is evidence that the truck was then travel-

ing at twenty. It is apparent that the court, in considering what plaintiff could and should have done, based his conclusion on the assumption that the truck was then motionless whereas it is clear that the short distance between the vehicles was in fact being reduced by their combined speeds. Moreover, there was evidence that plaintiff was on his own side of the road, that when he saw the truck he immediately threw his car to the right against an embankment and set his brake, and that there the truck struck him almost "head on." Considering this, and all the other evidence in the case, a jury might have reached the same conclusion as did the judge and rendered a verdict for defendant; but, in sustaining a motion for a nonsuit every reasonable inference from the evidence must favor the plaintiff. A casual examination of the relevant testimony and a little elementary computation establishes beyond doubt that in sustaining defendant's motion the trial judge invaded the province of the jury.

The cases cited, supra, and the record before us discloses the unusual time which has elapsed since this accident occurred and the long course of litigation growing out of it. Reluctant as we are to continue this regrettable delay the law leaves us no choice.

The judgment is accordingly reversed and the cause remanded.