## No. 15,573.

### Parrish et al. *v.* De Remer et al.
(187 P. [2d] 597)

Decided November 3, 1947.   Rehearing denied December 8, 1947.

Mr. JOHN W. SHIREMAN, Mr. WILLIAM E. DOYLE, Mr. NORMAN H. COMSTOCK, for plaintiffs in error.

Mr. SAMUEL M. JANUARY, MR. RONALD V. YEGGE, for defendants in error.

Mr. Justice Alter delivered the opinion of the court.

E. F. Parrish and Commercial Standard Insurance Company, plaintiffs in error, will herein be mentioned as plaintiffs or by name, and we will refer to De Remer and Atchison, a partnership, L. L. De Remer, A. P. Atchison, Ida Mae Atchison, and Standard Accident Insurance Company, a corporation, defendants in error, as defendants or by name.

Plaintiffs began an action in the district court against defendants to recover judgment for an amount which they had expended in connection with the litigation and satisfaction of judgments obtained against them by reason of personal injuries sustained by J. H. Smith and E. E. Fey in an automobile collision involving Parrish's truck and a Ford automobile operated by Fey, in which Smith was a passenger. Defendants interposed a motion for summary judgment, which was granted, and judgment was entered dismissing the action at plaintiffs' costs. Plaintiffs by writ of error seek a reversal of the judgment.

It is alleged in the amended complaint that: "Commercial Standard Insurance Company, one of the plaintiffs, issued to E. F. Parrish, the other plaintiff, its policy of insurance whereby it insured said E. F. Parrish against loss and expense arising or resulting from claims against him for damages resulting from or caused by the operation of a certain White truck hereinafter mentioned, and agreed to investigate accidents and defend suits brought against him by reason of any accident resulting from the use of said truck. That under the terms of said policy of insurance, the plaintiff Commercial Standard Insurance Company became and is subrogated, to the extent of its payments for loss, damage, claim and expense, to all rights of recovery against third persons by the plaintiff E. F. Parrish; that E. F. Parrish has authorized said Commercial Standard In-

surance Company to prosecute its claims against the defendants herein set forth."

It is further alleged that defendants De Remer and Atchison were, on September 14, 1936, awarded a contract designated as Anticipation Warrant Project No. 5005, which contract concerned the construction of a highway which at places crossed and coincided with a well-traveled highway in Colorado known and designated as Highway No. 24.

It is further alleged: "That it was the duty of said defendants in the conduct of construction operations under the aforesaid contract to provide a safe and adequate roadbed over which vehicles traveling on Highway No. 24 could pass by and through its construction work without inconvenience and without danger, and adequately and properly to warn drivers of approaching vehicles of any dangers to be incurred by reason of such construction work."

It is further alleged that defendants, in conducting their contract operations: "Carelessly and negligently dug away and excavated a portion of said Highway 24 at a place in said Teller County where said highway coincided with the aforesaid project No. 5005; and thereafter to and on said day [November 3, 1936] permitted said portion of said highway to remain dug away and excavated; that on said day said defendants carelessly, unlawfully, and negligently obstructed said Highway No. 24 by directing and forcing vehicles traveling through the area under construction to travel over a narrow and unfinished portion of said contruction project which was dangerous and unsafe for travel; that said unfinished portion consisted of an unexcavated bench in a cut which had been, by said defendants, excavated through a hill immediately adjacent to and to the south and west of the place where said Highway No. 24 had been dug away as aforesaid; that said unexcavated portion of said cut formed a bench or ramp extending from the highway under construction to High-

way No. 24; that said bench or ramp was about 150 feet in length and about ten to twelve feet in width; that said ramp was of insufficient width to allow vehicles to pass; that said defendants erected and maintained barricades and barriers across said Highway No. 24 at the place where a portion of the same had been excavated as aforesaid, for the purpose of directing and forcing all west-bound vehicles to travel downward over the aforesaid ramp, and also in said cut at a point about 150 feet west from the place where the portion of said highway had been excavated as aforesaid, erected and maintained barricades and barriers for the purpose of directing and forcing eastbound vehicles to travel upward over the aforesaid ramp; that by reason of the location of said ramp along the wall of said cut, the drivers of vehicles going in an easterly direction on said ramp could not see vehicles approaching from the east on Highway No. 24; that prior to November 3, 1942 [1936], and on said day vehicles traveling over said ramp had caused ruts to be formed therein of such depth that trucks and automobiles driven thereon could not be turned out of said ruts; that on said day, November 3, 1942 [1936], said defendants permitted said ruts to be and remain unfilled; that the said defendants failed to provide warning signs, or any other means to warn the drivers of approaching vehicles that they were about to enter a road too narrow to permit the passing of vehicles; that the defendants failed to employ and post watchmen to guide and control traffic and to inform and warn drivers of approaching vehicles that they were about to enter a place of danger; that the defendants erected and maintained signs indicating that the way through their construction operations was safe for two-way travel; that said defendants erected and maintained the aforesaid barriers and barricades in such manner and in such places that drivers of vehicles could not drive elsewhere than on the aforesaid ramp and in the aforesaid ruts, al-

though, except for said barriers and barricades, vehicles could have driven through the area in which said construction work was conducted, without danger and without inconvenience; that the defendants at said time knew or should have known that the means provided by them for passing traffic through their construction work was unsafe and was in fact dangerous, in that vehicles being driven in opposite directions would necessarily collide."

It is further alleged that on November 3, 1936, Parrish's truck, insured as hereinbefore stated, was being operated in an easterly direction at or near where Highway No. 24 coincided with the construction under Project No. 5005, and, while on the bench or ramp hereinbefore mentioned, collided with the above-mentioned Ford automobile, and "that by reason of the aforesaid carelessness and negligence of the said defendants * * * a collision occurred between said automobile and the said truck owned by defendant E. F. Parrish; that said collision occurred at the intersection of the Highway No. 24 with said bench; that by said collision the said automobile was demolished and the occupants thereof, E. E. Fey and J. H. Smith, suffered great personal injuries and the truck of said E. F. Parrish was greatly damaged; that the aforesaid collision and the injuries suffered by said E. E. Fey and J. H. Smith, and the damage to said Ford automobile, and the damage to said White truck were all *solely, primarily and proximately caused by the negligence of the defendants as aforesaid."* (Italics ours)

It is further alleged that Fey began an action in the district court against E. F. Parrish to recover damages in the sum of $15,360.45 for injuries allegedly sustained by him in the collision, which action resulted in a judgment of $2,500 in favor of Fey. Thereafter defendant Parrish sued out a writ of error in this court, and this judgment was reversed (*Parrish v. Fey*, 102 Colo. 258, 78 P. [2d] 633). Thereafter the Fey-Parrish action was

again tried in the district court, resulting in a dismissal, whereupon Fey caused this judgment to be reviewed by writ of error, and the judgment was reversed (*Fey v. Parrish,* 115 Colo. 363, 174 P. [2d] 345) and the cause remanded to the district court. Smith began an action in the district court against Parrish to recover judgment in the sum of $20,000 together with interest, which cause was defended at the cost of these plaintiffs, and, upon trial to the jury, resulted in a verdict and judgment in plaintiff's favor for $7,000; that plaintiff Parrish caused a writ of error to be issued out of this court, and thereafter the judgment was reversed and the cause remanded (*Parrish v. Smith,* 102 Colo. 250, 78 P. [2d] 629). Upon retrial a verdict was rendered against Parrish and judgment thereon entered for the sum of $7,000, whereupon Parrish sued out a writ of error in this court to review said judgment. Thereafter we affirmed the judgment (*Parrish v. Smith,* 108 Colo. 256, 115 P. [2d] 647), and subsequently a petition to correct it was denied (*Parrish v. Smith,* 109 Colo. 132, 123 P. [2d] 406). In satisfaction of the judgment in *Parrish v. Smith, supra,* the Commercial Standard Insurance Company was compelled to, and did, pay the sum of $9,043.70. Further, it is alleged, the Commercial Standard Insurance Company expended in an investigation of the accident and in defense of the Smith and Fey actions against Parrish the sum of $5,379.29 and will be obliged to expend an amount in further defense of the Fey action in the sum of $2,500. Further, that the cost of repairs on the Parrish White truck was $195; that the loss of the use of the truck occasioned by the accident amounts to $200; that the loss in earnings resulting to the truck owners directly caused by the collision amounted to $1,500; and that Parrish will be required to expend the further sum of $1,500.

Further, it is alleged that while the sum due E. E. Fey in his action against the plaintiff Parrish is not liquidated, it is estimated to be the sum of $10,000, making a

total damage which plaintiffs allege to be due them from defendants, occasioned by, and resulting from, the collision between Parrish's White truck and the Fey automobile, in the sum of $30,315.99, for which plaintiffs pray judgment.

Defendant Standard Accident Insurance Company moved to dismiss the amended complaint as to it, which motion was granted, and no error is assigned thereon. The remaining defendants, answering, admit that they were contractors engaged in highway construction work as alleged in plaintiff's complaint; that a collision occurred between Parrish's White truck and an automobile driven by E. E. Fey, and that Smith and Fey began the actions as alleged in the complaint, resulting in the judgments set forth therein, and further alleged that they are without knowledge as to the payment of the judgments, and as to the damages. They deny all allegations of negligence on their part as alleged in the complaint.

For a further defense defendants assert that the damages alleged to have been sustained by plaintiffs were proximately caused by contributory negligence on the part of Parrish which, it is alleged, bars any cause of action in favor of his coplaintiff.

For a further answer and defense, defendants summarize the pleadings in the Smith-Parrish case in the district court and by reference make the files and records therein, as well as our decision in *Parrish v. Smith,* 108 Colo. 256, 115 P. (2d) 647, part of this defense, concluding as follows: "Defendants allege that by reason of the foregoing it has been conclusively established and decided that the accident set forth in the amended complaint herein was caused by the negligence of the said D. B. Lockwood, agent and employee of the plaintiff E. F. Parrish, and that the negligence of the said Lockwood was imputable and chargeable to the said Parrish; and that the said accident was not caused solely by the negligence of the said Fey, driver of the

automobile in which the said Smith was riding as a guest; that the rights of the Commercial Standard Insurance Company, if any, in the alleged cause of action set forth in the amended complaint are derived through the said plaintiff E. F. Parrish and that the plaintiffs are now precluded and estopped from denying that the accident set forth in the amended complaint herein was caused by the negligence of the said E. F. Parrish, one of the plaintiffs herein, and that by reason thereof both plaintiffs are precluded from recovering from the defendants."

For a further answer and defense the defendants adopt by reference the allegations of their second defense, all referring to the trial of the Smith-Parrish case in the district and supreme courts, and further allege: "It has been conclusively established that the accident set forth in the amended complaint was contributed to by the negligence of the plaintiff E. F. Parrish and that the rights of the plaintiff Commercial Standard Insurance Company are derived through the said E. F. Parrish; and that even if the plaintiffs prove, as alleged in their amended complaint, that negligence of these defendants contributed to said accident and injuries, the plaintiffs are joint tort feasors and there can be no contribution enforced by them against the defendants herein."

Plaintiffs moved to strike the first, second and third affirmative defenses, which motion was denied, as was a motion for a more definite statement.

Defendants moved for summary judgment, their motion reading: "Come now the defendants and move the Court for a summary judgment of dismissal. As grounds for this motion the defendants show unto the Court that under the pleadings and facts set forth in the second and third affirmative defenses of the defendants' answer, which facts are supported by the records and files of this Court in Cause No. 4550 on the docket of this Court, J. B. Smith vs. E. F. Parrish, reference to which files

and records is hereby made; and under the rulings of the Supreme Court of the State of Colorado in said cause, reported in 108 Colorado Reports, at page 256, the plaintiffs are precluded and barred from any recovery from the defendants in this action."

This motion was granted, and it was ordered, "That plaintiffs' complaint be and the same is dismissed at plaintiffs' costs."

It should be noted that in the Smith, as well as the Fey, action for damages, Parrish was the only defendant named; consequently, in neither of said actions was there any attempt by either Smith and Fey—nor did plaintiffs here seek in any manner to bring defendants here into the Smith-Fey-Parrish litigation—to recover against the defendants herein.

The specification of points on which plaintiffs rely for a reversal are: The court erred in: 1. Sustaining defendants' motion for summary judgment; 2. considering the records and files of the trial court in other litigation in which defendants herein were neither parties nor in privity with any of the parties; 3. overruling plaintiffs' motion to strike the defendants' first, second and third defenses. These specifications will be considered in this order.

1, 2. Plaintiffs here seek *indemnification* not contribution. It is their contention that defendants are liable to them, and that judgment should be entered in their favor for an amount equal to that paid by them in satisfaction of the Smith judgment, plus the amount of any judgment which Fey may secure in his action against plaintiff Parrish, all expenses incurred in connection with Parrish's defense of these actions, damages to Parrish's truck, and losses incurred by reason thereof. The amount of these claimed damages are as hereinbefore set forth.

It is defendants' contention: (1) No error was committed by the court in sustaining defendants' motion for summary judgment because the pleadings disclose

that there was no genuine issue of fact; (2) no error was committed in denying plaintiffs' motion to strike; (3) plaintiffs were guilty of negligence which contributed to the accident of November 3, 1936, and they cannot recover in this suit because there can be no "contribution" among tort-feasors; (4) the trial court did not err in sustaining the motion for summary judgments since the records in the Smith case (*Parrish v. Smith, supra*) clearly established negligence on the part of plaintiffs in connection with the accident here involved; and (5) the court did not err in overruling plaintiffs' motion to strike. As we understand defendants' position, it is contended that the verdict and judgment in *Parrish v. Smith* is res judicata as to Parrish's negligence here; consequently Parrish having there been found guilty of negligence as to Smith, the question is not open for review in this action for indemnification, and, further, that the Parrish-Smith judgment precludes and estops plaintiffs here.

From defendants' motion for summary judgment, hereinabove set forth, it is clear that absolute reliance is placed upon the records and files of the district court in *Smith v. Parrish,* and our decision affirming the judgment entered therein. No affidavits or other evidence in support of the motion were offered. Rule 56, R.C.P. Colo., provides, inter alia:

"(b) A party against whom a claim, * * * is asserted * * * may at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"C (c) The motion shall not be heard until at least 10 days after the service thereof. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith *if the pleadings, depositions, and admissions on file,* together with the affidavits, if any, show that, * * * there is no genuine issue as to any material fact and that

the moving party is entitled to a judgment as a matter of law." (Italics ours)

On the hearing of a motion for a summary judgment, the material allegations of the complaint must be accepted as true even in the face of denials in the answer, unless the depositions and admissions on file, together with the affidavits, clearly disclose that there is no genuine issue as to any material fact, and that, as a matter of law, the summary judgment should be entered. Here the amended complaint alleges a duty which defendants were required to perform and discharge for the protection of the traveling public; the failure of defendants to properly perform and discharge this duty or negligence in attempting to do so, with the result, "that the aforesaid collision and the injuries suffered by said E. E. Fey and J. H. Smith, and the damage to said Ford automobile, and the damage to said White truck were *solely, primarily and proximately* caused by the negligence of the defendants as aforesaid."

Further, it is alleged that the damages so occasioned by the negligence of defendants in improperly performing and discharging their duty occasioned a situation wherein plaintiffs were obliged to respond in damages to those injured because of such negligence.

Respecting the summary judgment, we might observe that if the trial court was authorized to consider the district court files and records in Smith v. Parrish and our decision in *Parrish v. Smith,* 108 Colo. 256, 115 P. (2d) 647, in which neither defendants nor their privies were involved as parties, and upon consideration of these records correctly determined as a matter of law that there was no genuine issue of fact, the judgment here must be affirmed; otherwise reversed.

Plaintiffs rely largely on our decision in *Colorado & Southern Railway Co. v. Western Light & Power Co.,* 73 Colo. 107, 214 Pac. 30, and *Otis Elevator Co. v. Maryland Casualty Co.,* 95 Colo. 99, 33 P. (2d) 974, for a reversal. In the Colorado & Southern Railway Company

case it appears that one Hoyle recovered a joint judgment for $10,000 against the railway company and the light company and had alleged in his complaint that each thereof was guilty of separate acts of negligence resulting in the death of his wife and daughter. The railway company in its answer denied all negligence on its part and alleged as one of its defenses that the collision and resultant deaths were caused solely by the negligence and carelessness of the light company. The light company paid the Hoyle judgment and brought an action against the railway company for indemnification, alleging, "That the sole, proximate cause of the happening of the collision aforesaid, as a result whereof this plaintiff was mulcted in damages and required to pay said judgment in the sum of Ten Thousand Four Hundred One and 47/100 Dollars ($10401.47), was the negligence of the defendant, as hereinabove set forth." (Record, *Colorado & Southern Railway Co. v. Western Light & Power Co., supra.*)

The railway company demurred, and upon its demurrer being overruled, answered. In its first defense it admitted the judgment in the Hoyle case and denied generally all other allegations of the complaint. In its second defense it set out the record in *Hoyle v. Western Light & Power Co.*, and that in *Colorado and Southern Railway Co. v. Western Light & Power Co.*, in extenso, included in which were the instructions requested and refused, the instructions given by the court, and the verdict and judgment thereon, concluding this defense thus: "That no writ of error was sued out, nor were other proceedings taken for the review or to obtain a reversal of said judgment, by either of said defendants, but on the contrary said judgment was paid and satisfied by the plaintiff herein on or about October 23rd, 1917. That said judgment remains unreversed, unappealed from and in full force and effect save as satisfied as above set forth, and constitutes and is a final and absolute adjudication and determination that the

negligence of the plaintiff herein, in the particulars specified and set forth in the complaint in said Hoyle suit, was the direct and proximate cause of said collision and of the deaths of said Anna and Hazel Hoyle, but for which said collision and said deaths would not have occurred; that by said verdict and judgment it has been finally and forever adjudicated and determined that the plaintiff and the defendant here were joint *tort feasors* and that the negligence of each was the proximate, direct and concurring cause of said collision and of said resultant deaths. Defendant further avers that there is no contribution or indemnity between joint *tort feasors.*"

The railway company also plead the last clear chance doctrine which, it will be noted, is not involved in the instant case. The light company filed a demurrer to the second defense, which, it will be remembered, included, as we have stated, the entire record in *Colorado & Southern Railway Co. v. Western Light & Power Co.,* supra, and at page 121, with reference thereto, the following statement is made: "The record clearly shows that this issue was not determined, and there was no error in *overruling* the plaintiff's demurrer to the second defense of the answer." The record discloses that the demurrer to the second cause of action was *sustained;* consequently, the word "overruling" italicized by us, is a typographical error. The railway company took the position there, "that since the Hoyle judgment conclusively established that the negligence of the power company contributed to the death of the passengers, such issue may not again be litigated in this, or any other, action, and if the verdict of the jury in that case so found, it operates as a bar or estoppel on the power company to maintain this action." As to this contention we held that the position taken by the railway company was "manifestly wrong, not in its statement that plaintiff's negligence was conclusively established in the former case, but in its conclusion that such determination is a bar to recovery of indemnity here." We held there was

no estoppel and that the judgment in the Hoyle case was not res judicata as between the light company and the power company. ·

While the judgment in the Hoyle case was conclusive as to all parties to the action, yet the estoppel could be raised only between those who were adverse parties to that suit, consequently the judgment settled nothing as to the relative rights and liabilities of the light company and the railroad company unless these conflicting or hostile claims were brought into issue by adversary pleadings which issues were actually litigated and adjudicated; consequently, in the Light-Railway Company case we held that the judgment in the Hoyle case against both the parties neither barred nor estopped either of them from procuring a judicial determination of the question as to which, if either, solely, primarily and proximately caused the damage. As we construe our decision in the case, we determined that the record in the original Hoyle case, in which the railway and light companies were defendants, was not admissible in an action between these two defendants where one sought indemnification from the other. That determination finds support in: Restatement of the Law— Restitution, pp. 415, 421, §§95, 97; 1 Cooley on Torts (4th ed.), p. 291, §89; Restatement of the Law—Judgments, p. 384, §82, p. 459, §93, p. 467, §94; 1 Freeman on Judgments (5th ed.), p. 887, §407, p. 920, §424; 42 C.J.S., p. 596, §21, p. 604, §27; 50 C.J.S., p. 16, §598, p. 168, §712, p. 275, §756, p. 288, §762; 140 A.L.R., 1306; 142 A.L.R., 727; 27 Am. Jur., p. 467, §18; *George A. Fuller Co. v. Otis Elevator Co.*, 245 U.S. 489, 38 Sup. Ct. 426, 62 L. Ed. 422.

Our decision in *Colorado & Southern Railway Co. v. Western Light & Power Co.*, *supra*, followed in *Otis Eelevator Co. v. Maryland Casualty Co.*, *supra*, is exhaustive in the citation of decisions in other jurisdictions which support the rule announced therein. In this decision the general principles announced are: 1. That

while there is a general rule which precludes one wrong-doer from recovering indemnity from another wrong-doer, there is an exception thereto which permits a party who is in fault as to the person injured, but who is without fault as to the party whose actual negligence is the cause of the injury, to recover indemnity. 2. Where an action is brought against two defendants for damages for personal injuries and both defendants are found guilty, one who pays the judgement may have a cause of action against the other for indemnity because the question as to the negligence of which defendant was the primary, sole and proximate cause of the injury was not adjudicated and will not be deemed to have been adjudicated until it appears that such issue was actually submitted and determined in said action for damages. 3. Even though one was guilty of some negligence resulting in damages to another, in an action for which, judgment was entered, this does not preclude, bar or estop the judgment debtor from establishing that the negligence of another was the sole, proximate and primary cause of the injury, and if this fact is established by a preponderance of the evidence, the one paying the judgment is entitled to indemnification. 4. One who has been charged with negligence as to another, and for which judgment has been entered and paid, may maintain an action against a joint tort-feasor for indemnification if he can establish by a preponderance of the evidence that the sole, proximate and primary cause of the injury and resultant judgment was the negligence of his joint tort-feasor. The judgment against two tort-feasors is not evidence in such an action, neither is it res judicata, a bar or estoppel between these joint tort-feasors.

Counsel for defendant attempt to distinguish the instant case from the decision in *Colorado & Southern Railway Co. v. Western Light & Power Co., supra,* by directing attention to a paragraph therein which reads: "To sum up, there was sufficient legal evidence

to sustain the jury's findings, under the court's instructions, that the plaintiff's negligence was *antecedent, negative,* and *passive, merely producing the occasion or condition,* and did not contribute to the accident, and that the defendant's negligence of a different character, if not willful, *was subsequent, active and positive,* and the sole cause of the collision." This paragraph of the opinion and some of the pages of the opinion preceding it, as we construe them, are devoted to a discussion of the last clear chance doctrine which was one of the defenses pled in that case, but which is not an issue here; consequently, there is no qualification whatever to the rule that if, as between joint tort-feasors, or between those who are alleged to be joint tort-feasors, one produces evidence that establishes by a preponderance thereof that the damage was occasioned primarily, solely and proximately by an act of negligence of the other, indemnification is proper. From the authorities cited and from our decisions in the *Colorado & Southern Railway Co. v. Western Light & Power Co.* and *Otis Elevator Co. v. Maryland Casualty Co.* cases, we conclude that the rule which precludes one joint tort-feasor from maintaining an action against another for indemnification does not apply where one does the act or creates the nuisance and the other does not join therein, but nevertheless is exposed to a liability therefor. In such a case the parties are not in pari delicto as to each other though as to third parties, either may be held liable; the one creating the dangerous condition which is the sole, proximate and primary cause of the injury stands in the relationship of an indemnitor to the one who has been held legally liable therefor, and the indemnification for which the indemnitor is liable is the amount which has been paid in settlement of any judgment obtained and legitimate and necessary expense attendant therewith.

While in *Colorado & Southern Railway Co. v. Western Light & Power Co., supra,* it was determined that both

defendants were guilty of negligence respecting the rights of plaintiff Hoyle, nevertheless defendants were entitled to litigate and have a judicial determination of the question as to the negligence of which one thereof was solely, primarily and proximately the cause of the injury upon which the judgment was based. In the instant case the position of the plaintiffs here is much stronger than was that of the light company in *Colorado & Southern Railway Co. v. Western Light & Power Co., supra,* and more nearly comparable to the factual situation in *Otis Elevator Co. v. Maryland Casualty Co., supra,* for the negligence, if any, of defendants here has never been judicially determined, and if plaintiffs are able to establish to the satisfaction of the court, or a jury, by a preponderance of evidence that defendants, although not heretofore a party to any litigation in which plaintiffs have been involved, were guilty of negligence which was the sole, primary and proximate cause of the accident for which plaintiffs were mulcted in damages, then plaintiffs are entitled to indemnification.

■ The motion for summary judgment here was supported only by the district court files and records in *Smith v. Parrish,* and our decision in *Parrish v. Smith, supra,* and upon these alone the summary judgment was granted. From what has been said, and in conformity with our decision in *Colorado & Southern Railway Co. v. Western Light & Power Co., supra,* it is obvious that neither the files and records in *Smith v. Parrish* in the district court nor our decision in *Parrish v. Smith, supra,* could properly be considered in passing upon the motion for summary judgment. Plaintiffs here are not barred or estopped by the judgment in any case in which the defendants here were not parties, and the doctrine of res judicata has no application.

■ The court committed error in granting the motion for summary judgment, respecting which judgments we have said: "Under our Rule 56, following the

federal practice, summary judgment is a drastic remedy and is never warranted except ·on clear showing that there is no genuine issuè as to any material fact [citing cases]. It does not compel a party to try his case on affidavits with no opportunity to cross-examine affiants [citing cases]. To authorize the granting of a summary judgment, the complete absence of any genuine issue of fact must be apparent, and all doubts thereon must be resolved against the moving party." *Hatfield v. Barnes,* 115 Colo. 30, 168 P. (2d) 552.

3. As we have said, defendants by their first further defense plead contributory negligence, and in the second they summarize the pleadings and motions in the *Smith-Parrish* case in the district court, and by reference make the files and records therein, as well as our decision in *Parrish v. Smith, supra,* part of this issue. The third defense incorporates by reference the allegations of the second defense and concludes with the statement that if the plaintiffs prove that the negligence of defendants contributed to the accident and injuries, it will thereby establish that plaintiffs and defendants are joint tort-feasors, and no "contribution" can be enforced.

From what has been said herein, it obviously is our conclusion that the motion to strike the second and third affirmative defense should have been granted. ·'

The judgment is reversed and the cause remanded; further proceedings, if any, shall be consistent with the views herein expressed.

Mr. Chief Justice Burke concurs in the conclusion.