### HAMBLEN v. SANTA FE TRAIL TRANSP. CO. (GIRODO et al., third party defendants).

Civ. A. No. 3226.

United States District Court
D. Colorado.

Dec. 31, 1951.

Dazzo & Nigro, Trinidad, Colo., for plaintiff.

Grant, Shafroth & Toll, Douglas Mc-Hendrie and John B. Tweedy, all of Denver, Colo., for defendant.

Wolvington & Wormwood, Denver, Colo., for third party defendants J. B. Bell, J. B. Bell, Jr., Pete Matteucci and J. B. Ritter.

Darwin D. Coit, Denver, Colo., for third party defendant Dominic Girodo.

KNOUS, District Judge.

This is an action to recover damages for personal injuries allegedly suffered by plaintiff as the result of a collision between the bus of defendant transportation company said to have been occasioned by his negligence, and a motor vehicle operated by one Dominic Girodo in which plaintiff was a passenger.

■ The substantive law of Colorado allows indemnification of one tort-feasor by another whose act of negligence was the primary and responsible cause of a plaintiff's injuries. Colorado & Southern Railway Co. v. Western Light & Power Co., 73 Colo. 107, 214 P. 30; Otis Elevator Company v. Maryland Casualty Company, 95 Colo. 99, 33 P.2d 974; Parrish v. De Remer, 117 Colo. 256, 187 P.2d 597. Upon this principle the third party defendants above named were brought into the proceeding by the original defendant, as third party plaintiff, under the provisions of Rule 14, Fed.Rules Civ.Proc. 28 U.S.C.A.

The third party defendant Girodo, by what is designated as his fifth defense to the third party complaint, alleges that at the time of the accident he and the plaintiff were fellow employees of the Colorado State Highway Department, engaged in the course of their employment; that both of them as well as their employer were covered by the Colorado Workmen's Compensation Act, chapter 97, Colorado Statutes Annotated 1935; that in fact plaintiff has collected and received compensation under the Act for his disabilities incurred in the collision in question, and that since said Act expressly precludes such employee from recovery of damages from a fellow employee for injuries occasioned by the fault or negligence of the latter, the defendant transportation company as third party plaintiff, can not assert liability for indemnification against a fellow employee of the injured plaintiff.

The matter stands on the motion of the transportation company to strike such fifth defense of Girodo.

Section 366 of the Colorado Workmen's Compensation Act, supra, provides for recovery by a workman from *third persons* whose wrongful conduct was responsible for his injury, but expressly excludes liability of persons in the same "employ" as the injured worker. Consistently, the Colorado Supreme Court, in Hartford Accident and Indemnity Company v. Clifton, 117 Colo. 547, 190 P.2d 909, has held that by reason of such statutory provision, an employee has no cause of action against a fellow employee for injuries sustained in the course of employment as the result of the latter's negligence where such employees and their employer are subject to the Workmen's Compensation Act. It is thus obvious that under the facts herein alleged the plaintiff would be precluded from joining his fellow employee Girodo as a defendant in the case at bar as well as from proceeding against him independently for any damages suffered by plaintiff as a result of the accident in question.

Notwithstanding, the defendant transportation company argues that the third party complaint alleges a liability moving from Girodo to it as third party plaintiff and that even if Girodo becomes its judgment debtor and is forced to pay the amount that may be assessed against it in favor of the plaintiff, the legal relationship between Girodo and the plaintiff remains unaffected.

■ It seems to the Court that if this argument were followed to a logical conclusion and the ruling of this Court fashioned accordingly, substance would be sacrificed to procedural technicality and the spirit, purpose and intent of the Workmen's Compensation Act thereby frustrated. The Colorado Legislature has expressed itself to the effect that where a fellow employee and an outsider are both at fault in causing injury to a worker who elects the benefits of workmen's compensation, such election shall in practical effect nullify the fault as between the fellow employee and the injured worker but shall not vitiate the fault as between the outsider and the

injured worker. If the contention of the transportation company were sustained a directly contrary result would ultimately be reached. In substance, the fault of the transportation company would be wiped out and the fellow employee would have to bear the consequences of both wrongs.

This question has not been considered by the Colorado Supreme Court but has been before the courts in other jurisdictions on a number of occasions. While the authorities are far from unanimous, the views hereinabove expressed are well supported. Only recently Judge Learned Hand reached the same conclusion in Slattery v. Marra Brothers, Inc., 2 Cir., 186 F.2d 134. See also: Lo Bue v. United States, 2 Cir., 188 F.2d 800; American Mutual Liability Ins. Co. v. Matthews, 2 Cir., 182 F.2d 322; Baltimore Transit Co. v. State to Use of Schriefer, 183 Md. 674, 39 A.2d 858, 156 A.L.R. 460; Bankers Indemnity Ins. Co. v. Cleveland Hardware & Forging Co., 77 Ohio App. 121, 62 N.E.2d 180; Burns v. Carolina Power & Light Co., D.C., 88 F.Supp. 769; Brown v. Southern R. Co., 202 N.C. 256, 162 S.E. 613; Britt v. Buggs, 201 Wis. 533, 230 N.W. 621.

It is, therefore, ordered, adjudged and decreed that the motion of the defendant and third party plaintiffs to strike the fifth defense of Girodo's answer to the third party complaint be and the same hereby is overruled.