**ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, Plaintiff,**

v.

**HADLEY AUTO TRANSPORT, a corporation, and Jacob L. Koenig, Defendants.**

Civ. A. No. 6945.

United States District Court
D. Colorado.

March 7, 1961.

Grant, Shafroth, Toll & McHendrie, Douglas McHendrie, Denver, Colo., for plaintiff.

Burnett, Watson & Horan, Myron Burnett, Denver, Colo., for defendants.

ARRAJ, Chief Judge.

This action arises out of an accident on September 29, 1960, on U. S. Highway 50 in Bent County, Colorado, between a truck owned by plaintiff and a tractor-trailer owned by defendant Hadley and driven by defendant Koenig.

Plaintiff seeks to recover for damages to its truck and indemnification for amounts expended for care and treatment of plaintiff's injured employees and for amounts expended for the survivors of an employee who died as a result of injuries received in the accident.

In its first claim for relief, plaintiff alleges that defendants' "affirmative, active and primary negligence  *  *  * proximately caused the said collision *  *  * " and then makes a claim for the damages stated above. In its second claim for relief, the plaintiff seeks a declaratory judgment fixing defendants' liability to indemnify plaintiff for amounts expended by it for care and treatment of the injured employees and for the benefit of the survivors of the deceased employee. The defendants have moved to have stricken that portion of the first claim for relief relating to plaintiff's claim for indemnification, and have moved to have dismissed the second claim requesting a declaratory judgment.

The question to be determined is:

■ May an employer, having expended sums for care and treatment of its employees who were injured and for the survivors of an employee who died as a result of a collision between the employer's truck and another's truck, recover indemnity from the owner and driver of the other truck whose affirmative, active and primary negligence was the proximate cause of the accident?

The answer is yes. The substantive law of Colorado allows indemnification of one secondarily or incidentally liable to compensate an injured third party by one primarily liable to said injured third party.

■ The situs of the tort complained of is Colorado, therefore the substantive law of Colorado is to be applied. The Colorado courts follow the general rule that one tortfeasor may not recover indemnity from another. Colorado & Southern Railway Co. v. Western Light & Power Co., 1923, 73 Colo. 107, 214 P. 30. The courts also recognize that certain exceptions exist to this rule and that certain cases of the character of the instant case are not subject to the rule at all. Colorado & Southern Railway Co. v. Western Light & Power Co., supra.

■ One exception to the general rule prohibiting indemnity among tortfeasors and recognized by the Colorado courts is that which allows a party secondarily or incidentally liable to recover from the party primarily liable. Otis Elevator Co. v. Maryland Casualty Co., 1934, 95 Colo. 99, 33 P.2d 974. This exception is stated quite clearly in Parrish et al. v. De Remer et al., 1947, 117 Colo. 256, 187 P.2d 597. The Court through Justice Alter stated at pages 270–271 of 117 Colo., at page 604 of 187 P.2d:

"That while there is a general rule which precludes one wrongdoer from recovering indemnity from another wrongdoer, there is an exception thereto which permits a party who is in fault as to the party injured but  *  *  * is without fault as to the party whose actual negligence is the cause of the injury to recover indemnity."

A more recent Colorado case citing the Parrish case with regard to the principle stated is Publix Cab Co. v. Fessler, 1959, 138 Colo. 547, 335 P.2d 865.

This Court, speaking through Judge Knous, has previously recognized the existence in Colorado of this exception. Hamblen v. Santa Fe Trail Transportation Co., D.C.1951, 101 F.Supp. 799.

"The substantive law of Colorado allows indemnification of one tortfeasor by another whose act  *  *  * was the primary and responsible cause of  *  *  * plaintiff's injuries." At page 800.

The United States Court of Appeals for the Tenth Circuit has noted in sev-

eral cases that the exception discussed above is a valid and reasonable principle of law. United States v. Chicago, R. I. & P. Ry., 1949, 171 F.2d 377; Thomas v. Malco Refineries, Inc., 1954, 214 F.2d 884; Allied Mutual Casualty Corp. v. General Motors Corp., 1960, 279 F.2d 455.

■ The defendants here contend that before an action for indemnity may be brought under Colorado law, the party seeking indemnification must have satisfied a judgment in favor of the injured third party. In support of this contention, they cite Parrish v. De Remer, supra. In that case the court, through Justice Alter, stated, 117 Colo. at page 271, 187 P.2d at page 604:

> "One who has been charged with negligence as to another, *and for which judgment has been entered and paid,* may maintain an action against a joint tort-feasor for indemnification * * *" (Emphasis supplied.)

In the Parrish case the party seeking indemnification had satisfied a judgment which the injured party had obtained against him. The Court, in making the statement quoted above, was simply reciting the facts as they existed in that particular case. There is no indication in the opinion that the Court intended to formulate, as a principle of law, the requirement that there be a judgment against the party seeking indemnification and a satisfaction of the same by him.

There are several well-reasoned cases from other jurisdictions which either explicitly or implicitly reject the rule propounded by defendant "that the party seeking indemnification must have satisfied a judgment in favor of the injured third party before he can prevail."

The recent case of Baltimore & Ohio Railroad Co. v. Commercial Transport, Inc., 7 Cir., 1960, 273 F.2d 447, seems to be directly in point. In that case plaintiff railroad's locomotive collided with defendant's truck at a rail crossing. Plaintiff brought an action against defendant seeking recovery of damages to the loco-motive and of amounts expended for care and treatment of its employees injured as a result of the collision. The court, at page 448, clearly and firmly rejected the contention that the railroad had acted as a mere volunteer in expending sums for the care and treatment of the injured employees:

> "In a similar situation this court rejected the contention that a railroad was a mere volunteer and held it entitled to indemnification for amounts paid for medical services to its employees * * * caused by the negligent third party. (Cases cited). In the cases cited settlements had been made with the employee compromising his claim against the railroad. Such factor, however, does not in our opinion serve to alter the legal principle involved nor afford a basis for distinguishing the cases cited. Settlement does not affect legal liability. The district court did not err in admitting evidence concerning payment of the hospital and medical bills by plaintiff."

See, also, Hankinson v. Pennsylvania Railroad Co., 3 Cir., 1960, 280 F.2d 249; Chicago, R. I. & P. Ry. Co. v. United States, 7 Cir., 1955, 220 F.2d 939; St. Louis-San Francisco Ry. Co. v. United States, 5 Cir., 1951, 187 F.2d 925.

United States v. Chicago, R. I. & P. Ry. Co., 10 Cir., 1949, 171 F.2d 377, is cited by and is in accord with the Baltimore & Ohio case, supra. In that case an employee of the railroad was injured through the negligence of the United States. The railroad settled a claim with the employee and paid his medical expenses. In an indemnity action against the United States as the party primarily responsible for the injuries, the railroad was allowed to recover the amount paid in settlement of the employee's claim and the amount expended for medical expenses. A more recent Tenth Circuit case which considered this problem is Allied Mutual Casualty Corp. v. General Motors Corp., 1960, 279 F.2d 455. Ap-

pellant sought indemnification for amounts expended in payment of a judgment had against appellant's insured and in settlement of claims against the insured. Recovery was sought against General Motors and the agency which sold insured a defective automobile on the theory that the latter two parties were primarily responsible for the accident and the injuries resulting therefrom. In answer to appellee's contention that appellant was a mere volunteer in settling the claims which had not been reduced to judgment, the Court, through Judge Pickett, stated, at page 460, "With respect to the claims that were settled, Allied was not a mere volunteer, since its insured could have been adjudged liable to each claimant for driving a car having defective brakes."

■ In defendants' brief in support of their motion to dismiss, they state that the complaint alleges, in effect, that plaintiff and defendant are joint tortfeasors. That assumption is not a necessary conclusion from a careful examination of the allegations of the complaint. Plaintiff's legal obligation to expend sums for the care and treatment of its employees need not have arisen out of any negligent conduct on its part in regard to the accident giving rise to the injuries. Plaintiff's obligation could be simply an incident of the employer-employee relationship. In that event, the rule prohibiting indemnity among joint tortfeasors would have no application to this case.

■ This case is either not subject to the rule prohibiting indemnity among joint tortfeasors, or it falls within the well-recognized exception allowing indemnification of one secondarily liable by one primarily liable. The first claim of the complaint contains no matter which is redundant, immaterial, impertinent or scandalous as is required by Fed.Rules Civ.Proc. Rule 12(f), 28 U.S.C.A., if a motion to strike is to be granted. The motion to strike is denied.

Having determined that the motion to strike should be denied, the need for a declaratory judgment is abrogated.

Therefore, the motion to dismiss the second claim for relief is granted.

Plaintiff will submit an appropriate Order in conformance with this Memorandum Opinion.