Cheryl **ZIMMERMAN** et al., Plaintiffs,

v.

Christobal **BACA** et al., Defendants.

Civ. A. No. C–3136.

United States District Court,
D. Colorado.

July 6, 1972.

Daniel S. Hoffman and Gene M. Hoffman, Denver, Colo., for plaintiffs.

Wolvington, Dosh, DeMoulin, Anderson & Campbell by Laird Campbell, Denver, Colo., for defendant Baca.

Bradley, Campbell & Carney by Vincent K. Turner, Golden, Colo., for defendant Cole.

Zarlengo, Mott & Carlin by John C. Mott, Denver, Colo., for defendant Cohen.

Burnett, Watson, Horan & Hilgers by Mike Hilgers, Denver, Colo., for defendant Lazy "L" Campgrounds.

Max P. Zall, City Atty., Warren B. Hale and Lee G. Rallis, Asst. City Attys., Denver, Colo., for defendants Harris and City and County of Denver.

## MEMORANDUM OPINION

WINNER, District Judge.

In a trial to a jury, plaintiffs recovered a $125,000.00 judgment against defendants Baca, Cole, Lazy "L" Campgrounds, Inc. and the City and County of Denver, for the death of Leonard Zimmerman, husband of Jean Zimmerman, and father of the other plaintiffs. The Court directed a verdict in favor of defendants Cohen and Harris.

Each of the defendants cross claimed against the other defendants on the theory that the negligence of the cross claiming defendant was passive, and that the negligence of the defendants against whom the cross claim is made was active negligence which was the primary or the sole and proximate cause of the injury. Before commencement of the jury trial, it was stipulated that the jury would resolve the issues between plaintiffs and defendants, and that based on the record made in that trial and, after the filing of post trial briefs, the cross claims would be decided by the Court. The post trial briefs have been filed, and the cross claims are now ripe for determination.

Defendant City owns the Hosa Lodge campground as a part of its mountain park system. Defendant Lazy "L" was the concessionaire operating that campground. Defendant Cohen was the owner of a horse which was being exercised by defendant Cole. Cole rode the horse to the Hosa Lodge Campground under explicit instructions from Cohen not to permit anyone else to ride the horse. Defendant Baca was the rider of the horse which ran down Leonard Zimmerman, causing injuries resulting in his death.

Defendant Harris was a Denver mountain parks policeman.

On June 14, 1970, Leonard Zimmerman and his family, all citizens of Minnesota, paid a fee to camp at the Hosa Lodge campgrounds. Their camper was parked in the assigned rented space, and Mr. Zimmerman was seated in a folding chair at the rear of their camper. Shortly after their arrival he was run down by a horse, Cinnamon, and he died on July 17, 1970, as a result of the injuries he received.

■ Cohen was the owner of Cinnamon, and he kept the horse on a ranch he owned not far from the Hosa Lodge campground. Cole was an experienced rider, and Cohen permitted Cole to exercise the horse, but he emphatically instructed Cole not to permit anyone else to ride Cinnamon. Baca and Cole agreed that Cole took two of the children in the Baca party for a ride and was paid $2.00 by the children's parents. They disagreed violently as to what happened thereafter. Cole claimed that Baca jumped on the horse without Cole's permission, and that the horse ran away. Baca, on the other hand, said that Cole gave him permission to ride Cinnamon and the horse ran down Zimmerman. Beyond doubt it was established that Cinnamon was a spirited horse which should not be ridden by anyone other than an experienced rider, and with equal clarity it was shown that Baca was far from an experienced rider. By holding both Cole and Baca liable, the jury must have concluded that Cole negligently gave Baca permission to ride the horse, and that with knowledge of his inexperience, Baca was negligent in riding the horse in the crowded campground area. In any event, the Court so finds in its resolution of the cross claim problems with which we are here confronted.

■ In holding the city and Lazy "L" liable, the jury must have found that both of them had knowledge of the danger which would exist if horses were permitted in the campground area; that they knew horses were in the area frequently, and that neither the city nor Lazy "L" took reasonable steps to avoid the danger. Once more, the Court agrees and so finds. A city regulation in effect prohibited horses in the area, and Lazy "L" clearly recognized the danger and had discussed it with city officials. Horses were a problem at the campground, and, although Lazy "L" made some effort to keep them out, its efforts to avoid the danger were not adequate from the standpoint of the test of a "reasonable man." The city, on the other hand, although the danger was known to it, did absolutely nothing to lessen or eliminate the danger. The city just ignored the problem and trusted to luck. Under its concession agreement, the city was sharing in a business run at the Hosa Lodge campground, and it is chargeable with the same duties of reasonable care as is Lazy "L." Both the city and Lazy "L" were on notice of the sanitation and safety dangers resulting in the crowded camp area from the frequent riding of horses through the campgrounds. They accepted fees from the unsuspecting public for the privilege of camping, and they owed a duty to the fee paying public to use reasonable means to protect the safety of those paying to camp. This was more than a passive duty; it was an affirmative duty which was breached by both the city and Lazy "L," and, had either performed that duty, Leonard Zimmerman probably would be alive today.

Defendants are in agreement that Colorado does not recognize contribution among joint tort feasors. However, the city and Lazy "L" say that although contribution is not recognized, indemnification of a passive tort feasor by an active, primary tort feasor is permitted under Colorado law. This is true under limited circumstances. The leading Colorado case on the subject is Parrish v. De Remer, (1947) 117 Colo. 256, 187 P. 2d 597. The case arose following a torturous history of litigation. Smith and Fey recovered judgments against Parrish as a result of an automobile accident between Parrish's truck and Fey's automobile. De Remer was a contrac-

tor who was building the highway where the accident happened, and Parrish was not seeking contribution, but, rather, he was asking to recover on an indemnity theory. The Court held:

"Our decision in Colorado & Southern Railway Co. v. Western Light & Power Co., supra, followed in Otis Elevator Co. v. Maryland Casualty Co., supra, is exhaustive in the citation of decisions in other jurisdictions which support the rule announced therein. In this decision the general principles announced are: 1. That while there is a general rule which precludes one wrongdoer from recovering indemnity from another wrongdoer, there is an exception thereto which permits a party who is in fault as to the person injured, but who is without fault as to the party whose actual negligence is the cause of the injury to recover indemnity. 2. Where an action is brought against two defendants for damage for personal injuries and both defendants are found guilty, one who pays the judgment may have a cause of action against the other for indemnity because the question as to the negligence of which defendant was the primary, sole and proximate cause of the injury was not adjudicated and will not be deemed to have been adjudicated until it appears that such issue was actually submitted and determined in said action for damages. 3. Even though one was guilty of some negligence resulting in damages to another in an action for which, judgment was entered, this does not preclude, bar or estop the judgment debtor from establishing that the negligence of another was the sole, proximate and primary cause of the injury, and if this fact is established by a preponderance of the evidence, the one paying the judgment is entitled to indemnification. 4. One who has been charged with negligence as to another, and for which judgment has been entered and paid, may maintain an action against a joint tort-feasor for indemnification if he can establish by a preponderance of the evidence that the sole, proximate and primary cause of the injury and resultant judgment was the negligence of his joint tort-feasor. The judgment against two tort-feasors is not evidence in such an action, neither is it res judicata, a bar or estoppel between these joint tort-feasors.

"Counsel for defendant attempt to distinguish the instant case from the decision in Colorado & Southern Railway Co. v. Western Light & Power Co., supra, by directing attention to a paragraph therein which reads: 'To sum up, there was sufficient legal evidence to sustain the jury's findings, under the court's instructions, that the plaintiff's negligence was *antecedent, negative* and *passive, merely producing the occasion or condition,* and did not contribute to the accident, and that the defendant's negligence, of a different character, if not willful, *was subsequent, active and positive,* and the sole cause of the collision.' This paragraph of the opinion and some of the pages of the opinion preceding it, as we construe them, are devoted to a discussion of the last clear chance doctrine which was one of the defenses pled in that case, but which is not an issue here; consequently, there is no qualification whatever to the rule that if, as between joint tort-feasors, or between those who are alleged to be joint tort-feasors, one produces evidence that establishes by a preponderance thereof that the damage was occasioned primarily, solely and proximately by an act of negligence of the other, indemnification is proper. From the authorities cited and from our decisions in the Colorado & Southern Railway Co. v. Western Light & Power Co. and Otis Elevator Co. v. Maryland Casualty Co. cases, we conclude that the rule which precludes one joint tort-feasor from maintaining an action against another for indemnification does not apply where one does the act or creates the nuisance and the other does not join therein, but nevertheless is exposed to a liability there-

for. In such a case the parties are not in pari delicto as to each other though as to third parties, either may be held liable; the one creating the dangerous condition which is the sole, proximate and primary cause of the injury stands in the relationship of an indemnitor to the one who has been held legally liable therefor, and the indemnification for which the indemnitor is liable is the amount which has been paid in settlement of any judgment obtained and legitimate and necessary expense attendant therewith.

"While in Colorado & Southern Railway Co. v. Western Light & Power Co., supra, it was determined that both defendants were guilty of negligence respecting the rights of plaintiff Hoyle, nevertheless defendants were entitled to litigate and have a judicial determination of the question as to the negligence of which one thereof was solely, primarily and proximately the cause of the injury upon which the judgment was based. In the instant case the position of the plaintiffs here is much stronger than was that of the light company in Colorado & Southern Railway Co. v. Western Light & Power Co., supra, and more nearly comparable to the factual situation in Otis Elevator Co. v. Maryland Casualty Co., supra, for the negligence, if any, of defendants here has never been judicially determined, and if plaintiffs are able to establish to the satisfaction of the court, or a jury, by a preponderance of evidence that defendants, although not heretofore a party to any litigation in which plaintiffs have been involved, were solely, primarily and proximately the cause of the accident for which plaintiffs were mulcted in damages, plaintiffs are entitled to indemnification."

Chief Judge Arraj passed on the question in Atchison, Topeka and Santa Fe Railway Company v. Hadley Auto Transport, (1961) (D.C.Colo.) 192 F.Supp. 849. He said:

"The situs of the tort complained of is Colorado, therefore the substantive law of Colorado is to be applied. The Colorado courts follow the general rule that one tortfeasor may not recover indemnity from another. Colorado & Southern Railway Co. v. Western Light & Power Co., 1923, 73 Colo. 107, 214 P. 30. The courts also recognize that certain exceptions exist to this rule and that certain cases of the character of the instant case are not subject to the rule at all. Colorado & Southern Railway Co. v. Western Light & Power Co., supra.

"One exception to the general rule prohibiting indemnity among tortfeasors and recognized by the Colorado courts is that which allows a party secondarily or incidentally liable to recover from the party primarily liable."

Most recently, the Colorado Supreme Court modified the De Remer rule somewhat. In Jacobson v. Dahlberg (1970) 171 Colo. 42, 464 P.2d 298, Dahlberg's hunting dog was killed when Jacobson negligently fired a shotgun. Jacobson sought indemnity from the store which sold him the gun, claiming that it was defective. Jacobson argued that, "where A's injuries result from the primary fault of B, but A has recovered against C for the injuries, C may hold B as an indemnitor." The Colorado court distinguished Dallison v. Sears, Roebuck and Co. (1962) 10 Cir., 313 F.2d 343, and held:

"It is urged upon us that Parrish v. De Remer, 117 Colo. 256, 187 P.2d 597 is authority for the position we adopt. However, in Parrish it is stated in effect that C will be liable to A if C's negligence is the *sole* and proximate cause of the injuries. The rule we pronounce goes further than that in Parrish. There was evidence submitted at the trial that the gun had been negligently and defectively manufactured with the result that, while it operated properly for the first few firings, this defective condition thereafter caused it to fire when the gun was closed and without any depression of the triggers. We hold that the question of

whether there was a defect in the gun and, if so, whether the defect was the *primary* cause of the injury are issues that should be submitted to the jury under the evidence in this record."

Thus, it seems that Colorado law now says that the test is *"primary"* cause rather than *"sole"* cause, but the court gives us no help in deciding what the word "primary" means in this context. The dictionary says that the word means, "of first rank, importance or value," but to apply this definition literally would almost destroy the doctrine of joint tort feasors, because it would be an unusual circumstance indeed to have joint tort feasors guilty of exactly equivalent fault. We think that the court meant that the indemnity doctrine applies where the fault of one joint tort feasor is almost entirely the cause of the accident, but, although Colorado juries are going to be required to fix the precise, mathematical degree of fault under Colorado's new comparative negligence statute, 1963 C.R.S. 41–2–14, 1971 Perm. Supp.[1] we do not attempt to here lay down any percentage rule in determining "primary cause," in cases such as this.

Speaking for the Supreme Court of Colorado in Publix Cab Company v. Fessler (1959) 138 Colo. 547, 335 P.2d 865, Judge Doyle recognized that the question of indemnity is inextricably intertwined with factual determinations. There, a Publix cab was driven into a lot operated by Denver-Chicago. The trucking company had posted signs telling everyone to stay out, but the cab came in anyway. A Denver-Chicago truck backed up and struck the cab, injuring its passenger. The passenger sued Publix, and Publix filed a third party complaint against Denver-Chicago, saying that the negligence of Publix was passive while the negligence of Denver-Chicago was active. Speaking for a divided court, Judge Doyle said:

"On this point it is argued that the undisputed evidence discloses that Denver-Chicago was guilty of active negligence, that it should have anticipated the presence of a taxicab in the large area and should have controlled its active forces accordingly, and that, therefore, regardless of whether Publix was a trespasser, a licensee or an invitee, the conduct of Denver-Chicago toward Publix was negligent. It cites Parrish, et al. v. De Remer, et al., 117 Colo. 256, 187 P.2d 597; Colorado & Southern Railway Company v. Western Light and Power Co., supra, and Otis Elevator Company v. Maryland Casualty Company, 95 Colo. 99, 33 P.2d 974. These cases recognize that one of two joint tort feasors cannot recover *contribution* from the other but hold that where there is joint liability to a third person and the joint negligence of two parties contributed to it and the conduct of one wrongdoer consists of creating a passive condition while the conduct of the other is active and proximate, the former can seek a recovery against the latter even though he has been determined to be negligent to the third person. We recognize the rule announced in these decisions, but to apply it to the case at bar would require a holding that Publix is entitled as a matter of law to recover over. The circumstances do not justify this action. Although the trial court did not make express findings, it did *try* the issues raised by the third party complaint and the answer thereto on the merits."

The Colorado rule is that there is no contribution among joint tort feasors, and the limited rule of indemnity is that there may be indemnity of one joint tort feasor by another where the second joint tort feasor's conduct is the "primary" cause of the injury. This does not mean that a court must delicately balance the scales to determine which joint tort feasor was the most at fault.

---

1. The comparative negligence statute would not be here applicable, because it has to do with comparing negligence and contributory negligence; not with the comparison of the negligence of joint tort feasors.

Here, all of the defendants held liable by the jury were at fault, and it would be difficult to decide which one was the most at fault. Was it the City and County of Denver which, with proven knowledge of the danger, did absolutely nothing to prevent the accident? Was it Lazy "L" which, with proven knowledge of the danger, and with the duty of immediate supervision of the area, did a little something [but not enough] to prevent the accident? Was it Baca, the inexperienced rider, who negligently mounted a spirited horse in the immediate vicinity of a crowded campground? Was it Cole who violated Cohen's orders and who knew the horse was spirited and let Baca get on the horse? It would be nip and tuck to decide whose negligence was "of first rank, importance or value." As is true in many negligence cases, the jury in this case was told that there can be more than one proximate cause of an accident, and it found that there were four proximate causes. We agree. The negligence of the four defendants the jury found liable actively contributed to Mr. Zimmerman's death. Each defendant was in fact negligent and the negligence of each defendant was a proximate cause of his death. All of the defendants were at fault. The fault of each proximately caused the accident, and we cannot say whose fault was the greatest. The Colorado rule of *De Remer* as modified by *Jacobson* does not bring into play in this case Colorado's limited doctrine of indemnity, because it is impossible to find that the negligence of any one defendant was the primary cause of the accident.

■■ Additionally, the city asserted that the concession agreement requires that it be indemnified by Lazy "L" for negligence. Actually, all that the agreement does is to require insurance and it says that Lazy "L" will indemnify the city for claims, "arising out of or connected with, directly or indirectly, the operations or use of the premises hereunder." The language of the agreement is quite general in its terms, and general language will not be read to indemnify anyone against their own negligence. Read in its entirety, the agreement does no more than indemnify the city against Lazy "L's" negligence. But, the city wasn't held liable here for the negligence of Lazy "L"; it was held because of the city's own negligence, and the agreement provides no escape hatch for the city.

The four defendants are jointly and severally liable. No defendant has a valid cross claim against another defendant. Accordingly, all of the cross-claims are denied, and it is ordered that the cross-claims and the actions represented thereby be dismissed. It is further ordered that all motions attacking the verdict are denied.