**Cynthia Gay GUSHEE, a Minor, by Mother and next friend, Victoria M. Gushee, and Victoria M. Gushee, Plaintiffs,**

v.

**Gary George KALEN, Defendant and Third Party Plaintiff-Appellant,**

v.

**CITY OF COLORADO SPRINGS, Third Party Defendant-Appellee.**

**No. 678–70.**

United States Court of Appeals, Tenth Circuit.

Oct. 20, 1971.

John F. Bennett, Colorado Springs, Colo., for defendant and third-party plaintiff.

Leo W. Rector, Colorado Springs, Colo., for third-party defendant.

Before SETH and HOLLOWAY, Circuit Judges, and KERR, District Judge.

KERR, District Judge.

This action grows out of the Colorado guest statute. (Colo.Rev.Stat. (1963) § 13–9–1.) The jurisdictional requirements are satisfied.

Cynthia Gay Gushee brought suit in the United States District Court for the District of Colorado against Gary George Kalen to recover damages incurred as the result of a one car accident in Colorado Springs, Colorado. The defendant was given leave to file a third-party complaint against the City of Colorado Springs [1], alleging the City was negligent in maintaining the road where the accident occurred and that it should indemnify the defendant for any liability imposed upon him in the personal injury action. The trial court granted the City's motion to dismiss the third-party complaint and the defendant appeals from that decision.

The facts in this case establish that plaintiff Cynthia Gay Gushee was a pas-

---

1. Hereinafter referred to as the City.

senger in an automobile driven by defendant, Kalen, and owned by Kenneth A. Hassen, who had given defendant consent and permission to use the vehicle. The accident occurred on a road in a public area known as Palmer Park, located in Colorado Springs. The automobile failed to negotiate a curve, causing it to leave the road and collide with a large rock or boulder.

Cynthia Gushee alleged in her complaint that defendant was under the influence of alcohol and was reckless and negligent in the operation of the automobile, with a willful and wanton disregard for the lives and property of others. It was necessary that said plaintiff make such allegations in order to avoid the force of Colorado's guest statute. Under this statute a guest has no cause of action against a driver unless the accident occurred as the result of the driver's "* * * willful and wanton disregard of the rights of others". *Id.*

The trial court granted defendant's motion for leave to file a third-party complaint against the City of Colorado Springs under Rule 14(a) of the Federal Rules of Civil Procedure. The complaint, which sought indemnification from the City, was based on the alleged simple negligence of the City for failure to provide warning signs or light at the scene of the accident.

The City filed a motion to dismiss the third-party complaint on the grounds that it failed to state a cause of action against the City and that neither the plaintiffs nor the third-party plaintiff had given the City notice within ninety days as prescribed by the City ordinances. The trial court, in a memorandum decision, held that the complaint did not state a claim upon which relief could be granted and dismissed the third-party action. The Court did not deem it necessary to pass upon the notice requirement of the ordinances of the City of Colorado Springs.

In this appeal the defendant contends that even if he is found guilty of willful and wanton negligence, the City's negligence is the sole and proximate cause of plaintiff's injuries and the City is therefore obligated to indemnify said defendant for any judgment against him.

█ Liability for indemnity is to be determined by the laws where the acts or omissions take place. Security Insurance Co. of New Haven v. Johnson, 276 F.2d 182, 185 (10th Cir. 1960). Under Colorado's substantive law the general rule has been adopted that one wrongdoer may not recover indemnity or contribution from another wrongdoer. Colorado & S. Ry. Co. v. Western Light & Power Co., 73 Colo. 107, 214 P. 30 (1923).

The Colorado courts recognize an exception to this rule, which "* * * permits a party who is in fault as to the person injured but * * * is without fault as to the party whose actual negligence is the cause of the injury to recover indemnity." Parrish v. De Remer, 117 Colo. 256, 187 P.2d 597, 604 (1947). See also, Bergeson v. Shinnen, 282 F. Supp. 582 (D.C.Colo.1968); Atchison, T. & S. F. Ry. Co. v. Hadley Auto Transport, 192 F.Supp. 849 (D.C.Colo. 1961); Colorado & S. Ry. Co. v. Western Light & Power Co., supra. A Fourth Circuit case held that "A right to indemnity is commonly recognized where, although both parties are negligent, the negligence of [one party] is considered not as serious as that of the [other party]; * * * *". Jennings v. United States, 374 F.2d 983, 987 & n. 7. (4th Cir. 1967).

█ In order for defendant to prevail, he must be able to prove the City's negligence was the sole and proximate cause of Cynthia Gushee's injuries. The defendant urges in his brief that the City was liable for acts which, when considered, amount only to acts of simple negligence. It is not remotely conceivable, however, that such negligent acts could be the sole and proximate cause of Cynthia Gushee's injuries when defendant was allegedly liable for willful and wanton misconduct. This is illustrated by the fact that "* * * Colorado allows indemnification of one secondarily or incidentally liable to

**1278**

compensate an injured third party by one primarily liable to said injured third party". Atchison, T. & S. F. Ry. Co. v. Hadley Auto Transport, supra, 192 F.Supp. at 850. It is clear that the negligent act of defendant was the sole and proximate cause of Cynthia Gushee's injuries and therefore he cannot expect indemnification from the City for his liability.

The Tenth Circuit in discussing a New Mexico case, stated that " * * * the secondary or passive wrongdoer 'may escape the payment of damages * * * by putting the ultimate loss upon the one principally responsible for the injury done'." United States v. Reilly, 385 F.2d 225, 229 (10th Cir. 1967). It was also held in the Parrish case that " * * * the one creating the dangerous condition which is the *sole, proximate and primary cause* of the injury stands in the relationship of an *indemnitor* * * * ". (Emphasis supplied.) 187 P.2d at 605.

It is apparent from the above decisions that defendant's complaint does not state a claim against the City since defendant's right to indemnification could only arise if defendant is held liable to the plaintiffs and under the Colorado Guest Statute this could occur only if defendant was found to be willfully and wantonly negligent. If defendant's negligence is found to be of that nature he cannot recover since it has been conclusively shown that a party who is wilfully and wantonly negligent has no right to indemnification from another party who merely commits an act of simple negligence. Unless and until it is proved that defendant breached the Colorado guest statute no judgment could be entered against him upon which a right of indemnification could arise.

Thus, it is clear that the trial court's decision to dismiss the complaint upon a failure to state a claim against the City was correct. We deem it unnecessary to discuss the notice issue raised in appellant's brief.

Affirmed.