James H. JOHNSON and Leuvenia F. Swindall–Johnson,
Plaintiffs–Appellants,

v.

SCOTT WETZEL SERVICES, INC., a Washington corporation authorized to do business in the State of Colorado, Defendant–Appellee.

No. 89CA0380.

Colorado Court of Appeals,
Div. V.

April 19, 1990.

As Modified on Denial of Rehearing May 17, 1990.

Certiorari Granted Oct. 15, 1990.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3),   and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Law offices of Worstell and Dunning, Neal K. Dunning, Denver, for plaintiffs-appellants.

Hall and Evans, C. Willing Browne, Diane L. Vaksdal and Malcolm S. Mead, Denver, for defendant-appellee.

Opinion by Judge NEY.

Plaintiffs, James and Leuvenia Johnson, appeal from a judgment entered on a directed verdict in favor of defendant, Scott Wetzell Services, Inc., on the issue of good faith processing of James Johnson's workmen's compensation claim. We reverse.

Plaintiffs filed this action alleging bad faith of defendants, who are independent insurance adjusters, in investigating and processing James Johnson's workmen's compensation claim. That claim arose from an on-the-job injury at Safeway Stores, a self-insured employer. Home Insurance Company and Safeway Stores were initially named as defendants, but later dismissed by stipulation.

Defendant moved for summary judgment. In denying the motion, the court originally noted that *Travelers Insurance Co. v. Savio*, 706 P.2d 1258 (Colo.1985) implicitly stands for the proposition that all those who have authority to settle workmen's compensation claims have a duty of acting in good faith in favor of injured employees despite the absence of a direct contractual relationship.

The trial was conducted before a different judge than the one who ruled on the summary judgment motion. After the jury was unable to reach a verdict, the court reconsidered the issues raised in the summary judgment motion and granted defendant's motion for directed verdict. As a basis for that ruling, it concluded that, as a matter of law, a claim for bad faith in adjusting a workmen's compensation claim cannot be raised by the injured employee against the adjusting company.

■ The single issue on appeal is whether an independent insurance adjusting firm owes a duty of good faith to an injured claimant in investigating and processing a workmen's compensation claim independent of any contractual privity. We conclude that such a duty does exist and, therefore, reverse.

Bad faith handling of a claim by an insurer is not a risk contemplated by the general coverage provisions of the Workmen's Compensation Act, § 8–40–101, et seq., C.R.S. (1986 Repl.Vol. 3B). The Act is primarily directed at the delineation of appropriate treatment of employment-related injuries. However, in *Travelers Insurance Co. v. Savio, supra,* our supreme court held that the Act does not bar a common law action against an insurer for bad faith processing of a workmen's compensation claim.

Relying on *Farmers Group, Inc. v. Trimble,* 691 P.2d 1138 (Colo.1984), the defendant argues that the duty of good faith and fair dealing arises solely from a contract of insurance and that, as an agent of the employer, it cannot be held liable for bad faith absent a contractual relationship. We conclude that the trial court erroneously relied on these principles in directing a verdict for defendant.

■ Recognizing the vulnerability of the injured employee covered by workmen's compensation, the supreme court in *Travelers Insurance Co. v. Savio, supra,* ruled that a workmen's compensation claimant may bring an action in tort for bad faith by an insurer although there was no contractual relationship between the claimant and the insurer. Although the employer here was self-insured, the reasoning of *Travelers Insurance Co. v. Savio, supra,* requires that an independent adjuster owes a workmen's compensation claimant the same duty as is owed by an insurer.

Applying this principle here, we conclude that, although there was no insurance policy nor a contractual relationship between the parties there did exist a duty on the part of defendant to act in good faith in regard to plaintiff Johnson's workmen's compensation claim. *See Williams v. Farmers Insurance Group,* 781 P.2d 156 (Colo.App.1989).

Accordingly, the judgment of the trial court is reversed, and the cause is remand-

ed with directions to reinstate plaintiffs' complaint.

DAVIDSON and RULAND, JJ., concur.