**GOLDEN RULE INSURANCE COMPANY, Plaintiff,**

v.

**E. Jay LEASE, Sr., Defendant and Third–Party Plaintiff,**

v.

**Claudio REBOLLO, Third–Party Defendant.**

**Civ. A. No. 89–B–2163.**

United States District Court, D. Colorado.

Jan. 9, 1991.

950

James E. Gigax, Banta, Hoyt, Greene & Everall, P.C., Englewood, Colo., and Guy E. McGaughey, Jr., McGaughey and McGaughey, Ltd., Lawrenceville, Ill., for plaintiff Golden Rule Ins. Co.

Fred W. Vondy, Pferdesteller, Vondy, Horton & Coren, P.C., Denver, Colo., for defendant and third-party plaintiff E. Jay Lease, Sr.

Kenneth L. Levinson, Balaban & Levinson, Denver, Colo., for third-party defendant Claudio Rebollo.

## MEMORANDUM OPINION & ORDER

BABCOCK, District Judge.

Hearing was held on January 9, 1991 on four motions: (1) plaintiff Golden Rule Insurance Company's (Golden Rule) motion for summary judgment on its claim against defendant E. Jay Lease, Sr. (Lease) seeking rescission of an insurance policy; (2) third-party defendant Claudio Rebollo's (Rebollo) motion to dismiss the third and fourth claims in third-party plaintiff Lease's third-party complaint; (3) Rebollo's motion for summary judgment on Lease's third-party complaint; and (4) Rebollo's motion to strike relief sought in Lease's third-party complaint.

This action arises from a health insurance policy purchased by Lease from Golden Rule through Rebollo. Golden Rule claims that Lease failed to disclose material portions of his medical history. When Lease submitted a claim for costs incurred from hospitalization, Golden Rule investigated and discovered Lease's undisclosed medical history. Golden Rule then refused to pay Lease's claim. Golden Rule seeks a declaration that it acted properly in denying claims under the policy and rescission. Golden Rule has amended its complaint to add a claim for intentional misrepresentation.

Rebollo was joined as a third-party defendant. According to Lease's third-party complaint, Rebollo had knowledge of, and access to, records reflecting Lease's medical history. Lease alleges that Rebollo assumed the task of completing the Golden Rule insurance policy application forms for him. Further, Lease alleges that he believed that Rebollo "would complete the Application form in conformity to all standards, procedures, details and degrees of completeness as were required by [Golden Rule] in these regards." Third–Party Complaint at 3 ¶ 12. According to Lease, Rebollo may be liable for all or part of Golden Rule's claim against Lease. By impleading Rebollo, Lease seeks indemnity from any

liability found against him and in favor of Golden Rule.

## I. GOLDEN RULE'S MOTION FOR SUMMARY JUDGMENT

In its complaint, Golden Rule claims that it has no duty to honor the insurance policy it issued to Lease because Lease concealed material information on his application for the policy. Golden Rule seeks summary judgment on this claim.

■ Because Golden Rule would bear the burden of proving its rescission claim at trial, *Adams–Arapahoe Joint School Dist. v. Continental Ins. Co.*, 891 F.2d 772, 778 (10th Cir.1989), to obtain summary judgment, Golden Rule must provide credible evidence, using any of the materials specified in Rule 56(c), that would entitle it to a directed verdict if the evidence went uncontroverted at trial. If Golden Rule meets this burden, the burden of production shifts to Lease, the party opposing the motion. Lease must then either produce evidentiary materials that demonstrate the existence of a genuine issue of material fact for trial on Golden Rule's complaint, including his affirmative defenses, or submit an affidavit requesting additional time for discovery. *Anderson v. Department of Health & Human Serv.*, 907 F.2d 936, 947 (10th Cir.1990); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 331, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265 (1986) (White, J., concurring). Furthermore, Golden Rule, as the movant and the party that would bear the burden of proof at trial, must meet the same substantive evidentiary burden in its motion for summary judgment as would be required at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

■ Rescission of an insurance policy is proper under Colorado law if: (1) the applicant made a false statement or concealed a fact concerning his past medical history on his application for insurance; (2) the applicant made the false statement or concealed the fact knowingly; (3) the false statement or concealed fact was material to the issuance of the policy or the risk undertaken by the insurer; (4) the insurer had no knowledge of the false statement or concealed fact and is not chargeable with knowledge; and (5) the insurer relied on the false statement or concealed fact in the application for insurance by issuing the insurance policy. *Hollinger v. Mutual Benefit Life Ins. Co.*, 192 Colo. 377, 560 P.2d 824, 827 (1977); *Spencer v. Kemper Investors Life Ins. Co.*, 764 P.2d 408, 412 (Colo.App.1988); *Jacobs v. Prudential Ins. Co.*, 41 Colo.App. 33, 582 P.2d 697, 698 (1978).

### A. Lease's Failure to Disclose Medical History

Golden Rule contends that Lease failed to complete truthfully the application for the insurance policy. Specifically, Golden Rule alleges that when asked on the application, Lease concealed (1) the names of certain physicians with whom he had consulted or visited and (2) that Lease's physicians had diagnosed him as having cardiovascular, neurologic, gastrointestinal and urologic disorders.

To support this, Golden Rule offers the application itself and the depositions of Lease and his wife. Lease does not contest that the application was inaccurate. Indeed, he stipulates to this element in his deposition, admitting that much of the information on the application was wrong. Lease Deposition at 55, 65 & 139–41. There being no dispute as to this, as a matter of law, Golden Rule has established the first element of its claim for rescission.

### B. Lease's Knowledge

Golden Rule also submits the application to establish that Lease knowingly concealed or knowingly misrepresented the facts. It is undisputed that Lease signed the application. In doing so, Lease represented that "I have personally completed this application and I represent that the answers and statements on this application are true, complete, and correctly recorded to the best of my knowledge." *See Commercial Ins. Co. v. Smith*, 417 F.2d 1330, 1335 (10th Cir.1969).

■ There is also no dispute that Lease knew of his true, but undisclosed, medical history. He contends, however, that he signed the application in blank and gave the application to Rebollo to fill out. Even assuming this is true however, as a matter of law, Lease at least had constructive knowledge of the contents of the application. *See Pete's Satire, Inc. v. Commercial Union Ins. Co.*, 698 P.2d 1388, 1391 (Colo.App.1985), *aff'd*, 739 P.2d 239 (Colo. 1987). Lease's wife stated in her deposition that Rebollo delivered the original policy to her. The policy had a note on it which stated "[p]lease read the copy of the application attached to your policy. If it is not complete or has an error, please let us know immediately. An incorrect application may cause your coverage under the policy to be voided or a claim to be reduced or denied." Lease Deposition at 96.

Lease received the policy and his wife placed it in a file in his office. Lease Deposition at 97–98. Whether Lease bothered to read the policy or not, he had the duty, opportunity, and indeed was requested by Golden Rule, to review the application which was in his possession. He cannot now rely on his failure to confirm the contents of the application that he adopted as his own. *See Commercial Ins. Co.*, 417 F.2d at 1335. Golden Rule need not show that Lease intended to deceive in submitting the application. *Hollinger*, 560 P.2d at 827.

■ Lease argues that he relied on Rebollo to fill out the application. An insured may defend against an insurance company's misrepresentation claim where the insured was mislead by an agent of the insurance company. *Wade v. Olinger Life Ins. Co.*, 192 Colo. 401, 560 P.2d 446, 449–51 (1977). In this case, however, Rebollo was not acting as Golden Rule's agent, but as a broker.

Under Colorado law, an "insurance broker" is one who, "not being a licensed insurance agent for the company in which a policy of insurance is placed, acts or aids in any manner in negotiating contracts of insurance or placing risks or effecting insurance for a party other than himself." Colo.

Rev.Stat. § 10–2–201. Rebollo falls squarely within this definition. The contract between Golden Rule and Rebollo expressly states that Rebollo is an independent broker and not an agent. Rebollo testified that he acts as a broker with many insurance companies. Rebollo Deposition at 19, 27 & 36. Indeed, Lease testified that Rebollo provided for many of his insurance needs and obtained policies for him from various insurance companies. Lease Deposition at 133 & 143–44. Before settling on Golden Rule as his insurance carrier, Rebollo presented Lease with a variety of proposals from other insurance companies. Rebollo deposition at 39 & 73. Lease actually held a policy with Durham Life Insurance Company on which Rebollo was making a commission. Lease himself, during his deposition, referred to Rebollo as his "agent," "insurance man" and "insurance representative." Lease Deposition at 101, 146 & 159.

In an attempt to show that Rebollo was Golden Rule's agent, Lease points to a clause in Rebollo's contract with Golden Rule which states that, although Golden Rule or others may refer to Rebollo as an "agent" or "sub-agent," "it is expressly intended and agreed that you are a broker, or independent agent, acting as the agent of your clients, the applicants and insured." From this, Lease argues that he could not be expected to know that Rebollo was not an agent of Golden Rule. First, it is not clear that Rebollo's legal status depends on Lease's perception. Second, it is clear from Lease's deposition that Lease viewed Rebollo as his agent, not the agent of Golden Rule. Finally, this clause supports the contrary conclusion that Rebollo was a broker; in unambiguous language, it reiterates that the contract is not intended to create an agency relationship.

■ Lease also contends that Rebollo's contract with Golden Rule created an agency relationship because it is to run for Rebollo's lifetime and because sums paid to Rebollo could be subject to a set-off. Lease also contends that Rebollo met with Golden Rule before submitting Lease's application, and that meeting lead to the bro-

ker's contract. Lease fails to explain why these facts transform an unambiguous broker's agreement into an agency relationship, and I find these contentions to be without merit.

■ Finally, Lease asserts that because Rebollo signed the broker's agreement on a line designated for "Licensed Agent or Broker" and did not strike-out the words "Licensed Agent," he has demonstrated the existence of a material issue of fact. This, however, is not evidence that Rebollo was other than a broker. The text of the agreement is clear and unambiguous that Rebollo was Golden Rule's Broker and that Golden Rule and Rebollo did not enter an agency relationship. Furthermore, Rebollo and Golden Rule acted consistently with this understanding and Lease's conduct and testimony revealed his understanding that he was Rebollo's client. There is no genuine issue of material fact regarding Rebollo's status as a broker.

■ Even if there existed an agency relationship, Lease's reliance on Rebollo must have been objectively reasonable. *See Wade*, 560 P.2d at 452. In *Wade*, the questions on the insurance application were unanswerable if taken literally. The advice of the insurance company's agent that the applicant need only disclose "serious" ailments was thus objectively reasonable and did not contradict the application. The questions on Golden Rule's application, to the contrary, were precise and not so open-ended as to require a construction. Moreover, the answers given obviously contradicted the questions posed. For example, the application asked for the names of the doctors with whom Lease had consulted or visited in the last five years. Lease offers no interpretation of that question which would make his incomplete answer complete and accurate.

### C. *Materiality*

To establish that the misrepresented or nondisclosed facts are material, Golden Rule offers the affidavit of a Senior Underwriter for Golden Rule. He states that if Golden Rule had accurate responses to the questions on the application, Golden Rule

would not have issued the policy without further investigation.

■ Lease does not contest Golden Rule's showing that the information was material under customary underwriting procedures. *See Wade*, 560 P.2d at 452. Lease argues only that he relied on Rebollo to provide the information to Golden Rule. Implicitly, Lease is arguing that he could not have known the information was material. However, "the *subjective* state of mind of the applicant—whether he *actually* appreciated the importance of a given fact—is irrelevant to the issue of materiality." *Wade*, 560 P.2d at 452 n. 6; *Capitol Life Ins. Co. v. Thurnau*, 275 P.2d 940, 944 (Colo.1954). Furthermore, Lease's deposition testimony contradicts this argument. Lease admits that he should have included certain omitted medical history. Lease Deposition at 155–56.

### D. *Golden Rule's Knowledge*

■ The application, the affidavit of a Senior Underwriter for Golden Rule, and a brochure which is part of the original application for insurance all support the conclusion that Golden Rule had no knowledge of the nondisclosed or misrepresented facts. Lease does not contest this evidence. Instead, he contends that Rebollo, a longtime friend of Lease, knew of Lease's true medical condition. As discussed above, however, because Rebollo was Lease's agent and a mere broker for Golden Rule, Rebollo's knowledge will not be imputed to Golden Rule.

### E. *Reliance*

To establish the element of reliance, Golden Rule again submits the affidavit of its Senior Underwriter. As discussed above, the underwriter states that Golden Rule relies on applications when issuing insurance policies. Specifically, the underwriter states that if Golden Rule had known of Lease's true medical history, it would have evaluated issuing the policy differently. Had Lease disclosed the names of the physicians with whom he had consulted, the underwriter states, Golden

Rule would have inquired as to the physicians' diagnosis and observations. Lease admits that Golden Rule relied on the application when it issued the policy. Lease Deposition at 62, 67 & 161–62.

### F. *Affirmative Defenses*

■ Although Lease asserts that his affirmative defenses preclude entry of summary judgment, he provides no evidence to support those defenses. Once Golden Rule established all the elements for its case, the burden shifted to Lease to show that there are material issues of fact left to be resolved. *See Anderson,* 907 F.2d at 947. Lease cannot satisfy this burden by mere reliance on conclusory allegations in his answer. *See Lujan v. National Wildlife Fed'n,* — U.S. —, —, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695, 716 (1990). He must provide evidentiary support. He need not show that summary judgment is appropriate to those defenses, but must at least make a showing that there are questions of fact relevant to those defenses. Lease has failed to meet this burden.

Golden Rule has shown that there is no genuine issue of material fact as to its claim for rescission. Consequently, summary judgment is appropriate on that claim.

## II. REBOLLO'S MOTION TO DISMISS THE THIRD AND FOURTH CLAIMS IN LEASE'S THIRD–PARTY COMPLAINT

In his third-party complaint against Rebollo, Lease alleges four claims for relief: (1) breach of contract; (2) negligence; (3) breach of the covenant of good faith and fair dealing; and (4) indemnity. Rebollo has moved to dismiss the claim for breach of the covenant of good faith and fair dealing, and the claim for indemnity.

Dismissal under Rule 12(b)(6) is proper if it is evident from Lease's third-party complaint that Rebollo is not liable to Lease. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When ruling on a motion to dismiss

for failure to state a claim, I must assume all facts alleged in the third-party complaint are true and "indulge all reasonable inferences in favor of the plaintiffs." *Weatherhead v. Globe Int'l, Inc.,* 832 F.2d 1226, 1228 (10th Cir.1987); *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686. Furthermore, I "should not dismiss a complaint pursuant to [Rule] 12(b)(6) unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Weatherhead,* 832 F.2d at 1228 (quoting *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–102).

### A. *Good Faith and Fair Dealing*

■ Rebollo relies on *Gorab v. Equity General Agents, Inc.,* 661 P.2d 1196 (Colo. App.1983) that there is no duty of good faith and fair dealing between an insurance broker or agent and the insured. Although Rebollo may be correct that he is not liable for a breach of a duty of good faith arising out of the insurance contract between Golden Rule and Lease, *see Johnson v. Scott Wetzel Serv., Inc.,* 797 P.2d 786, 787 (Colo. App.1990), *cert. granted,* No. 90SC335 (Colo. Oct. 15, 1990) (LEXIS States library, Colo file), here Lease alleges a contract between himself and Rebollo. From this, it may be that a duty of good faith and fair dealing arose. *See Ruff v. Yuma County Transp. Co.,* 690 P.2d 1296, 1298 (Colo. App.1984); *Price v. Federal Express Corp.,* 660 F.Supp. 1388, 1391–92 (D.Colo. 1987) (Kane, J.). Consequently, I cannot conclude that Lease can prove no set of facts entitling him to relief on this claim.

### B. *Indemnity*

In his fourth claim for relief against Rebollo, Lease alleges that Rebollo may be liable to Lease for Golden Rule's claims against Lease. Although, as Rebollo argues, Lease may not have standing to assert against Rebollo the claims held by Golden Rule, Lease does not attempt to do so. Rather, Lease seeks indemnification from Rebollo for the claims asserted against Lease by Golden Rule. Until Golden Rule amended its complaint to claim damages against Lease for intentional mis-

representation, Golden Rule sought only rescission. Consequently, under the original complaint, Lease's indemnification claim against Rebollo may have been rendered moot by the summary judgment for rescission. This is not so, however, given Golden Rule's remaining claim against Lease.

Whether Lease is entitled to indemnification is governed by the law of the state where the acts or omissions giving rise to his alleged liability occurred. *Gushee v. Kalen,* 449 F.2d 1276, 1277 (10th Cir.1971); *Allied Mutual Casualty Corp. v. General Motors Corp.,* 279 F.2d 455, 457 (10th Cir. 1960); *Security Ins. Co. v. Johnson,* 276 F.2d 182, 185 (10th Cir.1960). Accordingly, Colorado law governs. Rebollo concedes that under Colorado law, indemnity is available.

### III. REBOLLO'S MOTION FOR SUMMARY JUDGMENT

■ Rebollo moves for summary judgment on Lease's claim of negligence and breach of contract. Because Rebollo's motion is unclear as to how it applies to Lease's breach of contract claim, I treat it as a challenge only to Lease's claim for negligence.

Rebollo contends that, regardless of whether he or Lease filled out the insurance application, his conduct did not amount to an actionable breach of duty. He argues first that he breached no duty to Lease because the only medical condition he knew and did not disclose was Lease's dizziness, and that was omitted from the application at Lease's direction. He also contends that his conduct did not proximately cause injury to Lease because even had Lease personally filled out the application, he would have answered the questions such that Golden Rule would still be seeking rescission.

Lease bears the burden of proof on the claims against Rebollo in his third-party complaint. Consequently, he must come forward with evidence showing that there is a material question of fact as to Rebollo's liability. In response to this motion, Lease incorporates his response to Golden Rule's motion for summary judgment to which he attached complete copies of the depositions of himself, his wife and Rebollo. No where in his response to Rebollo's motion for summary judgment does Lease provide any specific references to the voluminous attachments. I have, however, examined each deposition in its entirety together with the other attachments for evidence in support of Lease's claim. I conclude that Lease has not met his burden.

Lease asserts, without any evidentiary support, that "it is uncontroverted that Rebollo had knowledge of previous conditions concerning Lease's health within the scope of the inquiries on" the application. Response to Rebollo's Motion for Summary Judgment at 7. Rebollo, however, established through Lease's deposition that the only condition of which Rebollo was aware and that was of significance to Golden Rule's decision to insure Lease was Lease's dizziness. Rebollo further establishes that Lease instructed Rebollo that he should "ignore" that problem. Lease does not show that Rebollo was instructed otherwise. Rebollo breached no duty to Lease by omitting a medical history at Lease's direction.

■ Furthermore, Rebollo points to Lease's deposition testimony that, had Lease filled out the application himself, he still would have omitted certain of his medical history. Rebollo also establishes that the omission of that information would have resulted in Golden Rule denying coverage. Lease makes no attempt to contradict this showing of lack of proximate cause. This failure to establish a genuine factual issue as to proximate cause is fatal. Summary Judgment on Lease's claim for negligence is appropriate.

### IV. REBOLLO'S MOTION TO STRIKE PRAYER FOR RELIEF

Rebollo moves to strike the ad damnum clause in Lease's third-party complaint pursuant to Colo.Rev.Stat. § 13–21–112. Lease does not contest the motion.

ACCORDINGLY, IT IS ORDERED that:

(1) Plaintiff Golden Rule Insurance Company's Motion for Summary Judgment is GRANTED;

(2) Third-party defendant Claudio Rebollo's motion to dismiss the third and fourth claims in third-party plaintiff E. Jay Lease, Sr.'s third-party complaint is DENIED;

(3) Third–Party Defendant Rebollo's Motion for Summary Judgment is GRANTED; and

(4) Third–Party Defendant Rebollo's Motion to Strike Prayer for Relief is GRANTED as confessed.