Nebojsa **BUKUMIROVICH**

v.

**CREDIT BUREAU OF BATON ROUGE, INC.**

Civ. A. No. 93–688–B–1.

United States District Court, M.D. Louisiana.

March 28, 1994.

---

（Unclear）

Garth J. Ridge, Baton Rouge, LA, for plaintiff.

Christine Lipsey of Breazeale, Sachse & Wilson, L.L.P., Baton Rouge, LA, for defendant.

### RULING ON MOTIONS FOR SUMMARY JUDGMENT

RIEDLINGER, United States Magistrate Judge.

This matter is before the court on the plaintiff's motion for partial summary judgment as to liability only and the defendant's motion for summary judgment. Both motions are opposed. Plaintiff brought this action alleging various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

The basic, underlying facts are undisputed. Plaintiff wrote a $6.20 check to Piccadilly Cafeterias but the bank returned the check unpaid. The debt represented by the check is a consumer debt; defendant is a debt collector under the FDCPA. 15 U.S.C. § 1692a(3), (5), (6). Defendant sent a payment demand, dated August 7, 1992. Subsequent demands, dated August 14, 21 and 28, 1992 were also sent. Each demand included a $15.00 service charge. Each demand also included a Validation Statement. The Validation Statement on the first demand was on the reverse, but on the subsequent demands the Validation Statement was on the top of the same page containing the demand for payment. The Validation Statements were all the same. None stated specifically that the plaintiff could dispute the service charge.

As the parties noted, there is no reported Fifth Circuit Court of Appeals decision determining the standard to be applied when assessing whether a Validation Statement as required by section 1692 g(a) is sufficiently communicated to a consumer. Plaintiff persuasively argues that a least sophisticated consumer standard should be applied. The rational of the decisions in other circuits applying a least sophisticated consumer standard, *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir.1993); *Jeter v. Credit Bureau Inc.*, 760 F.2d 1168 (11th Cir.1985); *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir.1982), comports best with the purposes of the FDCPA, as set forth in section 1692. Application of a least sophisticated consumer standard will not penalize honest debt collectors. A least sophisticated consumer standard will also have the salutary effect of discouraging even honest debt collectors from venturing to close to the line which separates what is permitted under the statute and what is prohibited.

In *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257 (5th Cir.1991), the Fifth Circuit Court of Appeals summarized the procedural framework of summary judgment under Rule 56. Summary judgment is appropriate when the moving party,

in a properly supported motion, demonstrates that there is "no genuine issue of material fact," *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986), and that it is entitled to judgment in its favor as a matter of law. Fed.R.Civ.P. 56(c). Confronted with such a motion, the nonmoving party must direct the court's attention to evidence in the record which demonstrates that it can satisfy a "fair-minded jury" that it is entitled to verdict in its favor. *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2512. This can be accomplished by tendering affidavits, depositions, and other materials which provided evidentiary support for its claim. The nonmoving party cannot rest on the allegations in its complaint. Fed.R.Civ.P. 56(e).

Where the moving party bears the burden of proof at trial, it must come forward with evidence which would "entitle it to a directed verdict if the evidence went uncontroverted at trial." *Golden Rule Ins. Co. v. Lease,* 755 F.Supp. 948, 951 (D.Colo.1991); *cf. Anderson,* 477 U.S. at 106 S.Ct. at 2512 ("The judge's inquiry, therefore, unavoidably asks ... 'whether there is evidence upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'").

■ There is no dispute about the language of the Validation Statements. Applying a least sophisticated consumer standard, it is clear that the Validation Statements do not comply with section 1692g(a)(3). The least sophisticated consumer would not understand from reading the Validation Statement that anything other than the amount of the check or whether the consumer issued it could be disputed.[1] Unlike the Validation statement at issue in *Smith v. Transworld Systems,* 953 F.2d 1025 (6th Cir.1992),[2] relied

upon by the defendant, the Validation Statement here refers only to the check. This obviously indicates that only the check can be disputed. The Validation Statement does not comply with section 1692g(a)(3).

■ The remainder of the plaintiff's claims cannot be resolved on summary judgment. Applying a least sophisticated consumer standard for interpreting the effectiveness of the statement required under section 1692g, it appears that the following material facts are in dispute: whether the least sophisticated consumer, who received all four statements and considering the language, type size and placement of the demands for payment and the Validation Statements, would feel compelled to disregard his right to contest at least part of the debt; whether the least sophisticated consumer would interpret the three-day demand for payment, the reference to The Credit Bureau of Baton Rouge and the language "don't jeopardize your rating" as false representations or deceptive means to collect or attempt to collect the debt; and whether there was posted at the Piccadilly Cafeteria a notice to customers that a $15.00 service fee would be charged on NSF checks. The location, type size, and graphic impact of other information contained on the demand must be considered in determining whether the notice required by the section 1692g is effectively communicated to the consumer. It must be large enough to be easily read and sufficiently prominent to be noticed even by the least sophisticated consumer. *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1225 (9th Cir.1988). The facts set forth in the decisions relied upon by the plaintiff are not so similar to the facts[3] in this case that the jury could not reasonably find only for the plaintiff.

---

1. The pertinent sentences in the Validation Statement reads as follows: "If the amount of the returned check is not correctly shown or the check is not yours and if you send us written notice of these facts within 30 days, we will obtain verification from the payee and mail it to you.... If you do not notify us in writing within 30 days, we shall assume that the returned check is a valid obligation of yours."

2. In *Smith* the Validation Statement informed the plaintiff that all portions of the debt shall be

assumed valid unless disputed. The Sixth Circuit held that this language implicitly informed the consumer that a portion of the debt may be disputed. *Smith,* at 1029.

3. While there are many undisputed facts, if those facts reasonably support conflicting inferences, on summary judgment the court must draw those inferences favorable to the party opposing the motion. *International Shortstop, Supra.*

Because it is apparently undisputed that the plaintiff received all of the demands for payment, it is for the jury to determine whether any deficiency in the first demand, because the Validation Statement was contained on the reverse side, was corrected by the subsequent demands, such that even the least sophisticated consumer would not have felt compelled to disregard the statement of his rights. The jury might reasonably find that, in the circumstances of this case, there was no gross overshadowing of the Validation Statements by the remainder of the payment demand. See *Anthes v. Transworld Systems, Inc.*, 765 F.Supp. 162 (D.Del.1991).

Accordingly, the motion of plaintiff Nebojsa Bukumirovich for partial summary judgment is granted in part and denied in part. Summary judgment is granted, as to liability only, on the plaintiff's claim that the Validation Statements contained on the four demands for payments do not comply with section 1692g(a)(3). In all other respects, the plaintiff's motion for partial summary judgment is denied. The motion for summary judgment by defendant Credit Bureau of Baton Rouge, Inc. d/b/a Checkfax is also denied.